UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

ROBERT LOCUST,

Defendant.

18-Cr-289 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Defendant Robert Locust has moved to amend the July 9 judgment in this action to remove his restitution obligation. (ECF No. 357.) Defense counsel protests the Court's conclusion that the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires the issuance of a restitution order against Locust, just as he did at last week's sentencing. In particular, he argues that the MVRA permits restitution of only a narrow set of expenses "incurred during participation in the investigation or prosecution of the offense." *Id.* § 3663A(b)(4). This argument is unavailing.

18 U.S.C. § 3663A(c) provides the different covered offenses for which restitution is mandatory. As relevant to Locust—who was convicted of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349—mandatory restitution applies to any conviction for "an offense against property under this title . . . including any offense committed by fraud or deceit." *Id.* § 3663A(c)(1)(A)(ii).

18 U.S.C. § 3663A(b), in turn, lays out the *types* of restitution that the Court must order for each covered offense. For an offense against property, the restitution order must require that the defendant return the property or, if return is impracticable, pay an amount equal to the value of the property lost or destroyed. *Id.* § 3663A(b)(1). Other covered crimes require different forms of mandatory restitution. (Crimes of violence, for example, require mandatory restitution of victims' medical expenses. *Id.* § 3663A(b)(2).)

In that regard, 18 U.S.C. § 3663A(b)(4) includes a catch-all provision, requiring that "in any case" (that is, for any covered offense) the defendant must "reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense."

Defense counsel continues to argue that that subdivision—(b)(4)—provides the *only* type of restitution that is mandatory under the MVRA. This argument contravenes the

plain language of the statute, which makes clear that that final, general provision only supplements the offense-specific restitution mandates that precede it.

Indeed, the principal case defense counsel cites in support of his argument—*Lagos v. United States*, 138 S. Ct. 1684 (2018)—in fact stands for the exact opposite proposition from that for which it is cited. In *Lagos*, the U.S. Supreme Court resolved a narrow dispute over which "expenses incurred during participation in the investigation or prosecution of the offense" are covered by the catch-all provision. But the defendant in *Lagos*—who, like Locust, was convicted of a federal wire-fraud offense—did not even challenge the portion of his MVRA order requiring him to pay more than $11 million for the value of the property lost or destroyed. *See* Brief for the Petitioner, *Lagos*, 138 S. Ct. 1684 (No. 16-1519), 2018 WL 1110042, at *11 n.5. Nor could that petitioner have challenged it, considering both the clear terms of the statute and the uniform wall of precedent applying the MVRA to fraud crimes as a matter of course. *See, e.g., United States v. Cooney*, 835 F. App'x 643, 644 (2d Cir. 2021); *United States v. Powell*, 831 F. App'x 24, 26 (2d Cir. 2020); *United States v. Ketabchi*, 832 F. App'x 41, 48 (2d Cir. 2020); *United States v. Seabrook*, 968 F.3d 224, 235 (2d Cir. 2020); *United States v. Parnell*, 959 F.3d 537, 540 (2d Cir. 2020); *United States v. Calderon*, 944 F.3d 72, 94 (2d Cir. 2019). Accordingly,

IT IS HEREBY ORDERED that the motion to remove Locust's restitution obligation is denied.

Dated: New York, New York
July 14, 2021

SO ORDERED:

Sidney H. Stein, U.S.D.J.