UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RYAN RAINFORD and ROBERT LOCUST,

Defendants.

18-Cr-289 (SHS)

ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On August 2, 2024, the United States Court of Appeals for the Second Circuit affirmed the judgments of conviction of defendants Ryan Rainford and Robert Locust but remanded the actions for this Court to (i) make factual findings regarding the number of fraudulent accidents the Kalkanis conspiracy orchestrated during Rainford's and Locust's involvement in the conspiracy for the purpose of computing the loss enhancement under U.S.S.G. § 2B1.1(b)(1); and (ii) reconsider Rainford's sentence in the interest of justice. *United States v. Rainford*, 110 F.4th 455 (2d Cir. 2024).[1]

On September 5, 2024, this Court ordered the parties to address these issues. (ECF No. 427.) The Court is now in receipt of the parties' submissions. As set forth below, the Court need not engage in further factfinding in regard to the relevant loss enhancement; in addition, the Court hereby terminates Rainford's term of supervised release.

*First*, the Second Circuit remanded for this Court to make factual findings regarding the number of fraudulent accidents during Rainford's and Locust's involvement in the conspiracy for the purpose of computing the loss enhancement under U.S.S.G. § 2B.1.1(b)(1). This enhancement is applied to the offense level when calculating a defendant's Guidelines sentence of imprisonment. *See* U.S.S.G. § 2B1.1(b)(1).

Both Rainford and Locust have served the custodial terms of their sentences and have been released from custody. *See Find an Inmate*, BOP.gov, https://www.bop.gov/mobile/find_inmate/index.jsp (last visited May 27, 2025) (BOP Register Number 85592-054) (Rainford released from BOP custody on January 29, 2024);

---

[1] The Second Circuit also vacated defendant Bryan Duncan's forfeiture order and remanded with instructions for this Court to impose a forfeiture order with sufficient evidentiary support. The Court will address the forfeiture issue separately.

*id.* (BOP Register Number 85593-054) (Locust released from BOP custody on September 19, 2024). Accordingly, any reduction in the loss enhancement applied to the offense level used in defendants' Guidelines sentence calculation would have no effect on their incarceration, which has since concluded. (*See* ECF No. 446 at 3.)[2] Thus, the Court need not make any further factual findings in this regard.

*Second*, the Second Circuit affirmed Rainford's sentence but remanded for the Court to reconsider it in the interest of justice pursuant to 28 U.S.C. § 2106. *Rainford*, 110 F.4th at 491-92. Specifically, the Second Circuit acknowledged that this Court had reconsidered and subsequently lessened the custodial sentences for both Duncan and Locust but had not had the opportunity to reconsider Rainford's sentence. *Id.* But, as noted above, Rainford has since been released from custody. Thus, any reduction in Rainford's custodial sentence is now moot.

Acknowledging this fact, Rainford instead seeks a reduction in his term of supervised release. Rainford was sentenced to a three-year term of supervised release (ECF No. 305 at 3); he has completed approximately 16 months of this term. (*See* ECF No. 446 at 3.) The government does not oppose Rainford's request for early termination. Having reviewed Rainford's submission, the Court grants the motion and orders that his term of supervised release be terminated.

Dated: New York, New York
       May 27, 2025

SO ORDERED:

*/s/ Sidney H. Stein*
Sidney H. Stein, U.S.D.J.

---

[2] Locust does not object to the government's proposed loss calculation. (ECF No. 452.)